8/16/2021 2:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56346939
By: Maria Rodriguez
Filed: 8/16/2021 2:58 PM

CAUSE NO. _____

| | | |
|---|---|---|
| RICHARD G. PIETROWSKI | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FIESTA MART, LLC | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes Now, RICHARD G. PIETROWSKI, Plaintiff, and makes and files this Original Petition complaining of FIESTA MART, LLC, Defendant, and in support of his cause of action would respectfully show the Honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

This case will be conducted under Level 2 of Tex. R. Civ. P. 190.

### II.
### JURISDICTION AND VENUE

The Court has jurisdiction over the parties because Defendant is registered and transacting business under the law of the State of Texas.

This Court has jurisdiction over the parties because the damages are within the jurisdictional limits of the Court.

Venue is proper in Harris County because pursuant to §15.002 (a) (l) of the Texas Civil Practice and Remedies Code, Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### III.
### PARTIES

1

Plaintiff, RICHARD G. PIETROWSKI is an individual and a resident of Houston, Harris County, Texas. The last three digits of Plaintiff's social security number are 230.

Defendant, FIESTA MART, LLC, is a Texas limited liability corporation headquartered in Houston, Texas. Defendant Fiest Mart, LLC may be served by delivering a citation and a copy of this Original Petition by any method authorized by Tex. R. Civ. P. 106(a) to Defendant's registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

## IV.
## FACTS

At all times material hereto, Defendant FIEST MART, LLC was the owner of the premises located at 4711 Airline Dr., Houston, Texas 77022.

On or about August 16, 2019, during normal business hours, Plaintiff entered Defendant's business premises located at 4711 Airline Dr., Houston, Texas 77022. At that time, Defendant extended an open invitation to the public, including Plaintiff Pietrowski, to enter the premises and purchase goods sold by Defendant. Plaintiff Pietrowski, a customer, entered the premises as a business invitee to whom Defendant owed the duty to use ordinary care in making its premises reasonably safe/and/or warning Plaintiff Pietrowski of any dangerous conditions and/or activities that existed upon the premises.

On the occasion, Plaintiff lost his balance and fell on uneven concrete when Plaintiff was pulling apart two shopping carts that were stuck together. Fiesta Mart, LLC knew or reasonably should have known of this dangerous condition on its premises and the risks it posed to invitees, including Plaintiff, from this dangerous condition. As a direct and proximate result of Fiesta Mart's conduct, Plaintiff suffered injuries to his left knee, left rib cage, left side of body, and lower back.

2

## V.
## PREMISES LIABILITY

Defendant is liable under a premise's liability theory as Defendant was in control of the premises at 4711 Airline Dr., Houston, Texas 77022. Pleading further, Plaintiff would show that Defendant owed a duty to patrons, clients, and customers, including Plaintiff Pietrowski, to exercise ordinary care in the manner in which it maintained its premises. Fiest Mart breached its duty to Plaintiff by failing to abate or warn Plaintiff of a known hazard on the premises. Plaintiff would further show that Defendant failed to use ordinary care in these respects, including but not limited to:

    a.  failing to properly supervise Defendant's personnel;

    b.  failing to provide adequate oversight for such employees;

    c.  failing to inspect the premises where the dangerous condition existed; and,

    d.  failing to maintain the common area of the premises in a reasonably safe condition.

## VI.
## NEGLIGENCE

Defendant owed a legal duty to Plaintiff Pietrowski. Specifically, Defendant owed a duty to exercise reasonable care in maintaining a safe condition. Defendant owed a duty to make sure the condition of the store premises remained safe, especially when invitees such as Plaintiff Pietrowski were present.

On the occasion in question, Defendant, by and through its agents and/or employees, breached the duty owed to Plaintiff, and proximately caused Plaintiff's injuries by:

    a.  failing to inspect the premises where the dangerous condition existed;

    b.  failing to inform/warn Plaintiff of the dangerous condition existing on the premises;

    c.  failing to take reasonable measures to eliminate the dangerous condition;

d.  failing to maintain the common area of the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees;

e.  permitting the premises in question to remain in its dangerous condition; and

f.  failing to take reasonable measures to protect Plaintiff and other invitees from foreseeable risk of harm.

## VII.
## DAMAGES

As a result of Defendant's negligent acts and omissions, Plaintiff was injured and brings this lawsuit for the following damages:

a.  Past and future pain and suffering;

b.  Past and future mental anguish;

c.  Past and future physical impairment; and,

d.  Past and future medical expenses.

All of the injuries sustained by Plaintiff, were proximately caused by the negligent acts of the Defendant sued herein. By reason of the above and foregoing, Plaintiff has been damaged in a sum to be determined by the jury based on their good judgement and the facts.

## VIII.
## PRE- AND POST-JUDGMENT INTEREST

In addition, Plaintiff further pleads that he be granted pre-judgment interest at the maximum rate allowed by law, commencing on the thirtieth day from and after the sum is due and payable, until date of judgment; together with post-judgment interest at the maximum rate allowed by law from date of judgment until the judgment has been paid in full.

4

## IX.
## RULE 193.7 NOTICE

Plaintiff hereby gives notice to Defendant, pursuant to Tex. R. Civ. P. 193.7, of Plaintiff's intent to utilize against the party producing same any document produced in response to written discovery served by Plaintiff, and any documents exchanged provided between the parties (including, but not limited to correspondence, pleadings, records, and discovery responses) during the trial of this matter without the necessity of authenticating the documents as permitted by Texas Rules of Civil Procedure 193.7.

## X.
## REQUIRED INITIAL DISCLOSURES

Defendant is required to disclose, within thirty (30) days of the Defendant's Answer, the information or material described in Texas Rule of Civil Procedure 194.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear in terms of law to appear and answer herein, and that upon trial hereof, Plaintiff have judgement against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, with interest thereon at the legal rate, for costs of court on this behalf expended, for such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**LAW OFFICE OF MERICK
NEPOMUCENO, P.C.**
/S/ EMMERICO T. NEPOMUCENO
Emmerico T. Nepomuceno
State Bar No. 00784669
1800 West Loop South, Suite #220
Houston, Texas 77027
Telephone (713) 977-7988
Facsimile (713) 977-0630
mericknepo@yahoo.com
ATTORNEY FOR PLAINTIFF
RICHARD G. PIETROWSKI

6